UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

MARIA GLADYS AGUDELO

    Plaintiff,

v.

MASH SERVICES, INC., a Florida
Profit Corporation

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, MARIA GLADYS AGUDELO, (hereinafter "Plaintiff"), on behalf of herself, by and through the undersigned counsel, files this Complaint against Defendant MASH SERVICES INC., a Florida Profit Corporation, (hereinafter "Mash" or Defendant") and states as follows:

## JURISDICTION AND VENUE

1. This is an action by the Plaintiff for damages for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida.

1

## PARTIES

4. Plaintiff was at all times relevant to this action, a resident of Miami Dade County Florida, within the jurisdiction of this Honorable Court.

5. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a domestic service worker. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant is a corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. Defendant has its principal place of business in Miami, Florida. Defendant has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. At all times material to this Complaint, Defendant has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials including but not limited to the following: detergents, household cleaners, vacuums, brooms/dust pans, deodorizers, mops. Those goods and/or materials have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

9. The Plaintiff was a domestic service worker in a private home and was at all relevant times, covered by the FLSA.

10. Defendant, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

12. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

**PLAINTIFF'S FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

13. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

14. Plaintiff was employed by the Defendant as a housekeeper at a private vacation home from 2018 through on or about May 24, 2020.

15. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201-219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

16. Upon information and belief, On or about November 2018, employees started to complain to Defendant about their improper practice regarding overtime pay. Therefore, on or about January 2019, Defendant changed the method of paying their employees from salary to an hourly rate.

17. Based on the information currently available to Plaintiff, Plaintiff was paid once a month based on an hourly rate of $20.00 per hour. However, Defendant was not properly calculating the amount of overtime hours Plaintiff was working on a workweek basis.

18. During her employment, Plaintiff would regularly work eight (8) to ten (10) hour days, five to six (6) days a week.

19. Despite the fact that Plaintiff worked over 40 hours in a workweek, she was not paid overtime by Defendant. Specifically, Defendant failed to compensate Plaintiff at a rate no less than one and half times her regular rate for each hour worked in excess of forty (40) hours in any given workweek.

20. Defendant and its representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

21. Defendant maintained complete control over the hours Plaintiff worked and the pay she was to receive.

22. Defendant supervised and controlled Plaintiff's schedules, conditions of employment and the rate and method of payment.

23. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

24. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 24 of this complaint as if set out in full herein.

26. This action is brought by Plaintiff to recover from Defendant unpaid overtime wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than

one and a half times the regular rate at which he is employed."

27. Since the commencement of Plaintiff's employment, the Defendant has willfully violated the provisions of § 7 of the Act [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times her regular rate.

28. Specifically, Plaintiff worked between forty (40) to sixty (60) hours during each work week in which she was employed but she was not compensated at time and a half for some of the hours worked over forty (40) hours each workweek.

29. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

30. Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies.

31. The Plaintiff was a domestic service worker in a private home and was at all relevant times, covered by the FLSA.

32. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

33. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

34. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

35. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime payments.

36. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

37. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff MARIA GLADYS AGUDELO demands trial by jury of all issues triable as of right by jury.

Dated: May 24, 2021                                     Respectfully submitted,

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com